E-FILED
Wednesday, 13 May, 2026  03:16:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHAWN GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:26-cv-03049-MMM |
| | ) | |
| LATOYA HUGHES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se and formerly incarcerated at Taylorville Correctional Center, alleges Defendants violated his Eighth Amendment rights through deliberate indifference to his serious medical needs and by causing him unnecessary pain.

### I.    Motion to Request Counsel

Plaintiff's Motion to Request Counsel is before the Court. Doc. 5.

Plaintiff must first try to find an attorney on his own (or show that he has been prevented from making the attempt); then the Court will assess if he can represent himself. *See Watts v. Kidman*, 42 F.4th 755, 763 (7th Cir. 2022).

Plaintiff has not shown an attempt to find an attorney and he has not shown he was prevented from making the attempt. His motion is thus denied. He may renew his motion after doing so. But since he has now been released into the community, he no longer faces many of the barriers to finding an attorney, or representing himself, that he may have faced in prison.

### II.    Merit Review

The Court must "screen" Plaintiff's complaint and identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient – facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

**<u>Allegations</u>**

Plaintiff names as Defendants IDOC Director Latoya Hughes, Warden Joshua McDannald, Advanced Practice Registered Nurse K. Tipton, prison healthcare contractor Centurian Health Care Services, John/Jane Doe, the Illinois Department of Corrections, and Taylorville Correctional Center. Plaintiff also alleges wrongdoing by Director of Nursing Jorn and it appears from the body of his Complaint that Plaintiff intends to sue Jorn. The Clerk is to add Jorn as a Defendant.

Plaintiff has a history of severe internal injuries, including permanent nerve damage, from a gunshot wound. These injuries make it very painful for Plaintiff to walk. When he was admitted to Taylorville, he was issued a wheelchair due to his inability to walk without experiencing a lot of pain.

On October 23, 2025, K. Tipton and Director of Nursing Jorn spoke with Plaintiff regarding his wheelchair, specifically that certain lettering had been removed from the back of the wheelchair. Plaintiff denied knowledge of that issue and confirmed the

wheelchair was working properly. Tipton and Jorn became angry, told Plaintiff he could walk instead of using the wheelchair, disregarded his assertions that he suffered severe pain when attempting to walk, made other callous remarks, and took the wheelchair and wheelchair permit.

Plaintiff was required to walk to meals, to classes (which he had to quit due to the pain), to receive his pain medicine, and to go anywhere else, and suffered serious pain as a result.

Plaintiff complained about this to everyone he encountered.

On November 21, 2025, Tipton reissued Plaintiff's wheelchair permit.

**Analysis**

Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Tipton and Jorn. Plaintiff has plausibly alleged that these Defendants knowingly caused Plaintiff to suffer severe and unnecessary pain by taking his wheelchair and forcing him to walk, despite his clear need for the wheelchair. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Plaintiff's allegations do not state a claim against the remaining staff Defendants. There is no indication of any direct involvement by Director Hughes, Warden McDannald, Does, or Centurian. Plaintiff has now been released from prison so requests for any injunctive relief are moot. The prison itself is not a suable entity. The Illinois Department of Corrections is entitled to sovereign immunity as an arm of the State of Illinois.

IT IS THEREFORE ORDERED:

1.  Plaintiff's Motion to Request Counsel [5] is DENIED.

2.  Plaintiff is ORDERED to update his telephone number within 14 days, or this action could be dismissed for failure to comply with Court orders. The Court must be able to communicate with Plaintiff. See Notice [2].

3.  Clerk is to add as a Defendant Director of Nursing Jorn.

4.  Plaintiff has now been released from prison. Clerk is to send a long form petition to proceed in forma pauperis so the Court can assess his current financial situation and determine if he is still entitled to proceed IFP. Plaintiff is ORDERED to return the fully completed long-form petition within 28 days of this Order. If he does not do so this case could be dismissed for failure to comply with the Court's orders.

5.  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Tipton and Jorn. Plaintiff's allegations against the remaining Defendants do not state a claim and the Clerk is to terminate the remaining Defendants.

6.  This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

7.  The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

8.  With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

9.  The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should

**include all defenses appropriate under the Federal Rules. The answer and later pleadings shall be to the issues stated in this order. Generally, an answer sets out the defendants' positions. The court does not rule on the merits of those positions unless a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.**

10. **This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.**

11. **Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.**

12. **The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.**

13. **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 13th day of May, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE